IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TOSHOAMA WALKER, *individually*
*and as parent and natural*
*guardian of KALIYAH WALKER, a*
*minor*,

    Plaintiff,

vs.

MUSCOGEE COUNTY SCHOOL
DISTRICT,

    Defendant.

\*

\*

\*

\*

\*

\*

\*

CASE NO. 4:26-cv-615-CDL

O R D E R

Kaliyah Walker is a student with disabilities who attends school in the Muscogee County School District.  Toshoama Walker, Kaliyah's mother, alleges that the District discriminated against Kaliyah and deprived her of her right to a free, individualized education under federal law.  Walker now brings this action against the District on behalf of herself and Kaliyah, asserting claims for violations under the Individuals with Disabilities Education Act, 20 U.S.C § 1400 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.  The District moved to dismiss the claims against it.  For the following reasons, that motion (ECF No. 3) is granted in part and denied in part.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.   But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).[1]

### FACTUAL BACKGROUND

Walker alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.

Kaliyah Walker is a child with attention-deficit/hyperactivity disorder and autism spectrum disorder. Beginning in 2014, Kaliyah received special education services

---

[1] Walker attached over 100 pages of exhibits to her complaint. Compl., ECF No. 1-2 at 22-124. Although district courts may consider documents that the complaint incorporates by reference, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), Walker did not reference the exhibits in her complaint. Therefore, the Court will not consider them in ruling on the District's motion to dismiss.

pursuant to an Individualized Education Program ("IEP") developed in collaboration with her parents and school officials. Under the IEP, Kaliyah demonstrated measurable progress when provided with "structured supports," including "extended time, modified assignments, sensory accommodations, and social-emotional interventions." Compl. ¶ 20, ECF No. 1-2. In 2019, representatives of the Muscogee County School District encouraged and persuaded Kaliyah's mother, Toshoama Walker, to transition Kaliyah from the IEP to a "Section 504 Plan." *Id.* ¶ 21. Although school officials represented that the accommodations under the Section 504 Plan would be equivalent in scope and effectiveness to what Kaliyah received under the IEP, the transition "reduced procedural safeguards and individualized oversight" available to Kaliyah. *Id.* ¶ 23.

In 2022, while attending Veterans Memorial Middle School, Kaliyah experienced "escalating bullying, emotional deterioration, and academic instability." *Id.* ¶ 80. In October of that year, Kaliyah was released from school for emergency evaluation because she made statements "interpreted as self-harm related." *Id.* ¶ 81. After these events, the District did not initiate a comprehensive evaluation to determine whether reinstatement of an IEP was necessary. Kaliyah's struggles continued when she began the eighth grade at Eddy Middle School in 2024. During the fall semester, Kaliyah experienced "repeated bullying incidents, escalating

anxiety, declining academic performance, and increasing disciplinary consequences," all of which were "directly related to behaviors associated with her disabilities." *Id.* ¶ 27.

On November 4, 2024, a Section 504 meeting was conducted between Walker and District officials. During the meeting, Walker "provided detailed information regarding Kaliyah's failing grades, social challenges, emotional distress, and need for continued support." *Id.* ¶ 32. Faced with this information, school officials "minimized the impact of Kaliyah's disabilities and characterized her struggles as typical childhood behavior." *Id.* ¶ 33. The District also informed Walker that Kaliyah would not qualify for special education services unless Walker "obtained an additional outside diagnosis," *id.* ¶ 35, even though the District "already possessed documentation" of Kaliyah's ADHD and her history of receiving special education services. *Id.* ¶ 36. While Walker attempted to have Kaliyah reevaluated, the District did not provide any "interim supports or accommodations." *Id.* ¶ 37. As a result, Kaliyah's "academic performance declined further, her anxiety intensified, and her emotional well-being significantly deteriorated." *Id.* ¶ 38. Walker ultimately withdrew Kaliyah from public school "due to legitimate concerns for her safety, mental health, and educational stability." *Id.* ¶ 40.

In March of 2025, Kaliyah underwent a comprehensive psychological reevaluation. That evaluation confirmed Kaliyah's

diagnoses of ADHD and autism spectrum disorder and documented the need for "structured educational supports." *Id.* ¶ 43.  Walker immediately provided this documentation to school officials and requested an emergency IEP meeting prior to the start of the 2025-2026 academic year.  Although the District received the documentation in July of 2025, it did not "meaningfully begin the reinstatement process until mid-December 2025." *Id.* ¶ 51.  Kaliyah was thus forced to go without an IEP's protections for a "substantial and critical portion of the academic year," and her academic progress was "disrupt[ed]" as a result.  *Id.* ¶¶ 52, 58.

DISCUSSION

Walker asserts claims against the District under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.  The District moved to dismiss all of Walker's claims.  The Court considers the District's arguments below.

## I.   Service of Process

The District first argues that Walker's complaint must be dismissed because she did not properly serve the District with process before this action was removed from state court.  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313,

1317 (11th Cir. 1990).  Accordingly, the Court must consider the District's service argument at the outset.

Plaintiff's allegedly defective service occurred while this action was still pending in the Superior Court of Muscogee County, Georgia.  Thus, the Court "may consider the sufficiency of process after removal and does so by looking to the state law governing process."  *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985) (per curiam).  Here, the District argues that Walker's service was improper under O.C.G.A. § 9-11-4(e)(5).  That statute provides that service upon a "public body or organization" shall be made "to the chief executive officer or clerk thereof."  *Id.*  The District maintains that its "chief executive officer" is its superintendent, David Lewis.  Walker concedes that she did not serve Lewis but instead left a copy of the summons and complaint with Brenda Reed, Defendant's HR Manager.

Under Georgia law, a defendant challenging the sufficiency of service bears the burden of showing improper service.  *Franchell v. Clark*, 524 S.E.2d 512, 515 (Ga. Ct. App. 1999).  The District has not carried its burden.  Although the parties agree that Walker did not serve the District's CEO, the District made no argument that Reed, as HR Manager, was not a clerk authorized to accept service on the District's behalf.  O.C.G.A. § 9-11-4(e)(5) (instructing that service shall be made "to the chief executive officer *or clerk*") (emphasis added); *see Russell v. Muscogee Cnty.*

6

*Sch. Dist.*, 800 S.E.2d 7, 11 (Ga. Ct. App. 2017) (School district failed to meet its burden to show that the assistant for its HR Department was not a "clerk" authorized to accept service on behalf of school district, within the meaning of § 9-11-4(e)(5)).  Because the District failed to present the Court with "any evidence . . . to dispute [Reed's] position as a clerk authorized to accept service under" § 9-11-4(e)(5), the Court cannot dismiss Walker's complaint for insufficient service of process under Georgia law.[2] *Russell*, S.E.2d at 10.  Therefore, the District's motion to dismiss Walker's complaint on that basis is denied.

## II.  IDEA Claim

The District contends that Walker's IDEA claim must be dismissed because she did not exhaust her administrative remedies. "In order to properly exhaust a claim that seeks relief for the denial of a free appropriate public education ["FAPE"], the claim must proceed through an administrative hearing and receive a final decision from an administrative judge before review may be sought from a federal district court." *Durbrow v. Cobb Cnty. Sch. Dist.*, 887 F.3d 1182, 1191 (11th Cir. 2018); *see Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 159 (2017) (outlining the IDEA's administrative process under 20 U.S.C. § 1415).  Here, Walker

---

[2] Even if the Court concluded that service on the District was improper, such a finding would not necessitate dismissal of Walker's complaint at this stage since the Court retains discretion to "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

alleges no facts that show she exhausted her administrative remedies before bringing her IDEA claim before this Court.

Apparently conceding her failure to exhaust, Walker argues that her IDEA claim should be excepted from the exhaustion requirement. "[T]he exhaustion of administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate." *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006) (quoting *N.B. by D.G. v. Alachua Cnty. Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996)), *abrogated on other grounds by Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142 (2023). Here, Walker argues that exhaustion is not required because she alleges "ongoing educational harm, emotional injury, academic regression, and denial of services." Pl.'s Resp. to Def.'s Mot. to Dismiss 15, ECF No. 4. Far from demonstrating futility, these allegations merely establish injuries that the administrative process might adequately redress. And although Walker argues that her "repeated requests for intervention, evaluation, and education protections were not meaningfully addressed," *id.*, Walker does not allege that the *administrative process* inadequately addressed her concerns. Finally, Walker contends that exhaustion shouldn't apply because she seeks relief "beyond administrative remedies," including monetary damages. But Walker may not "avoid the exhaustion requirement simply by asking for relief that administrative authorities could not grant," since the "very

reason" the exhaustion requirement exists is "to prevent deliberate disregard and circumvention of agency procedures established by Congress." *N.B.*, 84 F.3d at 1379, *abrogated on other grounds by Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142 (2023).

In sum, Walker does not allege facts to show that she exhausted the administrative remedies required under the IDEA or that any exception to the exhaustion requirement applies. Therefore, the District's motion to dismiss the IDEA claim for failure to exhaust is granted.[3]

## III. Rehabilitation Act Claim

The District argues that Walker's Rehabilitation Act claim should be dismissed because: (1) Walker did not exhaust her administrative remedies, and (2) Walker's factual allegations are not detailed enough to state a claim.

### A.   Exhaustion

"[B]efore the filing of a civil action under . . . laws seeking relief that is also available under [the IDEA], [administrative remedies] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]." 20 U.S.C. § 1415(l); *see also Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 161 (2017) ("[A] plaintiff bringing suit under the ADA,

---

[3] The Court accordingly need not consider the District's arguments that Walker's IDEA claim is barred by the statute of limitations or that Kaliyah is not eligible for the IDEA's protections.

9

the Rehabilitation Act, or similar laws must in certain circumstances—that is, when 'seeking relief that is also available under' the IDEA—first exhaust the IDEA's administrative procedures."). Importantly, the "only remedy available under the IDEA is injunctive relief for the wrongful denial of a FAPE." *Durbrow v. Cobb Cnty. Sch. Dist.*, 887 F.3d 1182, 1190 (11th Cir. 2018). Section 1415(l) consequently does not require exhaustion of the IDEA's administrative processes "where a plaintiff brings a suit under another federal law for compensatory damages." *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 147-48 (2023).

Here, Walker seeks injunctive relief, but she also seeks compensatory relief in the form of money damages. Compl. ¶¶ A-H. Thus, to the extent Walker's Rehabilitation Act claim seeks the kind of equitable relief available under the IDEA, that request is barred for the same reasons her IDEA claim is barred. But because Walker also seeks compensatory damages, she may proceed on her Rehabilitation Act claim "without attempting to exhaust administrative remedies that do not exist under the IDEA." *Powell v. Sch. Bd. of Volusia Cnty., Fla.*, 86 F.4th 881, 884 (11th Cir. 2023). The Court therefore finds unpersuasive the District's argument that Walker's Rehabilitation Act claim for monetary damages should be dismissed for failure to exhaust.

B.    Adequacy of Factual Allegations

To state a claim under § 504 of the Rehabilitation Act, Walker must plausibly allege facts supporting the contentions that Kaliyah (1) is a qualified individual with a disability; (2) was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of Kaliyah's disability. *J.S., III by & through J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017) (quoting *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)). "Unlawful discrimination under the Rehabilitation Act includes failing to provide reasonable accommodations for [students'] known disabilities." *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022).

The District argues that Walker's complaint lacks "details regarding the specific supports and accommodations requested and allegedly denied" and thus cannot "reasonably put [the District] on notice" of Walker's claims. Def.'s Mot. to Dismiss 7, ECF No. 3. The gravamen of Walker's complaint is that the District denied and delayed her request to reinstate Kaliyah's IEP. Thus, a fair reading of the complaint makes clear that the accommodations Walker requested were those Kaliyah benefited from under her prior IEP. Walker describes those "structured supports" in reasonable detail,

11

alleging that they included "extended time, modified assignments, sensory accommodations, and social-emotional interventions." Compl. ¶ 20.  When read in its entirety, Walker's complaint contains a "short and plain statement" that Kaliyah (1) is a qualified individual with disabilities that include ADHD and autism spectrum disorder, (2) was denied the benefits of the kind she received under her prior IEP, and (3) such denial was because of Kaliyah's disabilities.  Fed. R. Civ. P. 8(a)(2); *J.S., III*, 877 F.3d at 985.  Accordingly, the Complaint states a plausible claim upon which relief may be granted under the Rehabilitation Act.

## IV.  Section 1983 Claim

Lastly, the District moves to dismiss Walker's claim under 42 U.S.C. § 1983 for violation of Kaliyah's rights under federal law, arguing that Walker failed to plead any facts showing that the District is liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  In *Monell*, the Supreme Court held that a municipality may be liable under § 1983 only when its "official policy" causes a constitutional violation.  *Id.* at 690-91.  "A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority

12

whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022). Walker's complaint includes the following bare-bone conclusory allegations: (1) the District's actions "reflected systemic indifference and policy-level decision-making," and (2) the District "maintained policies, customs, or practices that prioritized administrative convenience over compliance with federal disability law." Compl. ¶¶ 105-06.

These allegations do not state sufficient facts to support a claim under *Monell*. In the absence of plausible allegations of the existence of an official policy, established practice, or decision by an appropriate final decision-maker, "[a] pattern of similar constitutional violations . . . is 'ordinarily necessary'" to impose liability against a municipality. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)(quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)); *see Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1299 (11th Cir. 2023) ("Demonstrating a policy or custom requires showing a persistent and wide-spread practice.") (quoting *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007)). Here, Walker alleges no facts beyond Kaliyah's own experience to support her conclusory assertion that the District had an official policy or widespread practice of discrimination against disabled students. "[M]erely citing one's own personal experience, without more, is insufficient to show a longstanding and widespread practice."

13

*Derks v. Bassa*, No. 22-13202, 2023 WL 5664197, at *2 (11th Cir. Sept. 1, 2023) (per curiam).  Accordingly, Walker has failed to plausibly allege District liability under *Monell*.  The District's motion to dismiss Walker's § 1983 claim is therefore granted.

CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the District's motion to dismiss (ECF No. 3).  Walker's IDEA and § 1983 claims are dismissed.  The Court denies the District's motion to dismiss Walker's claim for damages under the Rehabilitation Act.  The stay of discovery (ECF No. 10) is lifted. Within twenty-one days of today's Order, the parties shall file a joint proposed scheduling order in accordance with the Court's Rules 16/26 Order (ECF No. 2).

IT IS SO ORDERED, this 1st day of July, 2026.

S/Clay D. Land
---
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

14